IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02725-ZLW

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2010

GREGORY C. LANGHAM
CLERK

GUY THEMIS,

Plaintiff,

v.

C/O MILLER,
CAROL WALKER, and
TRAVIS TRANI,

Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Guy Themis, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado correctional facility. He filed ***pro se*** on July 29, 2010 a "Motion to Reinstate Case and Proceed With 42 U.S.C. § 1983 Action." He also filed a certified copy of his trust fund account statement for the period from December 1, 2009 until June 25, 2010.

The Court must construe Mr. Themis's filings liberally because he is proceeding ***pro se***. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the motion to reinstate will be construed liberally as a motion to reconsider, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Themis' motion to reconsider, which was filed more than twenty-eight days after the judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action in an order filed on January 7, 2010 for Mr. Themis's failure, within thirty days, to cure a deficiency by filing a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The reasons for the dismissal are stated in greater detail in the January 7 dismissal order. Mr. Themis clearly is attempting to cure the designated deficiency by filing a certified account statement over six months after the dismissal of this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion to reconsider must be denied. Mr. Themis fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Themis is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Themis wishes to pursue his claims, he may do so by filing a new action.

Accordingly, it is

ORDERED that the "Motion to Reinstate Case and Proceed With 42 U.S.C. §

1983 Action" that Plaintiff, Guy Themis, submitted to and filed ***pro se*** with the Court on July 29, 2010, and which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 17th day of August, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02725-ZLW

Guy Themis
Prisoner No. 49030
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/18/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk